## HATHAWAY *versus* STONE & al.

A discharge-certificate, issued by two justices of the peace and quorum, that a debtor, (who had been arrested on execution and given a debtor's relief-bond,) had taken the poor debtor's oath, is not sufficient proof, that the debtor had performed the condition of the bond, unless such certificate specify the date of the execution and the amount of the judgment on which it was issued.

Neither is the record of the proceedings of such justices sufficient proof of the performance of the condition of such a bond, unless it specify the date of the execution and the amount of the judgment on which it was issued.

Where, by reason of poverty, the debtor was unable to make any payment upon the execution, and he in fact took the poor debtor's oath prior to any breach of the bond, no judgment upon the bond can be recovered by the obligee.

Neither, in a suit on such a bond, can the defendants recover costs, unless the condition of the bond has been performed.

DEBT upon a six months relief-bond, given by a debtor with sureties. The defence was, that the debtor had performed one of the alternative conditions of the bond by taking the poor debtor's oath.

To establish this defence, the defendants relied upon a discharge-certificate, given by two justices of the peace and quorum, and also upon said justices' record of their proceedings.

Hathaway *v.* Stone.

The execution, the bond, the citation, the discharge-certificate and the record of the justices, together with certain depositions taken by the defendants to prove the debtor's poverty, were all submitted to the Court for an adjudication upon legal principles.

*Williamson*, for the plaintiff.

*G. W. Crosby*, for the defendants.

SHEPLEY, C. J., orally. — The question is, whether a performance of the condition of the bond has been proved by the documentary evidence. The *certificate of discharge*, given by the two justices of the peace and of the quorum, is not in the statute form. The statute requires, that a certificate of discharge shall state at what Court the judgment was recovered, and specify the amount of the judgment. In each of these particulars the certificate is deficient. It fails therefore to prove a performance of the condition of the bond.

The *record* of the justices is also deficient of the allegations which it ought to contain, as to the Court, and the amount of the judgment. These particulars are necessary, in order to show that the execution, recovered by the plaintiff, is the same on which the oath was taken. The *record*, then, fails to make out a defence.

The papers to which we have been referred, show, that upon *some* execution in favor of the plaintiff against this debtor, the poor debtor's oath was taken.

If *that* execution was the *same* upon which the bond now in suit was given, the debtor is entitled to the benefit of the Act of 1848.

The parties named are the same ; the date of the execution is found in the *record*, the date of the judgment is found in the *certificate*, and the description of the Court is found both in the *citation* and in the *certificate*. But the *record* tends to show the Court to have been a different one.

The amount of the judgment is given in neither of the documents. In view of all the documents we think that,

on the whole, the evidence preponderates in favor of the identity of the execution.

The depositions prove the debtor to be poor, and therefore, that no damage has accrued to the plaintiff from the non-performance of the condition. The papers also show, that the oath was taken before the breach.

For the foregoing reasons, the plaintiff is not entitled to recover, and the debtor, not having performed the condition of the bond, can have no judgment for cost.